UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                          CASE NO. 8:24-cv-82-SDM-SPF

BRIAN HAAS,

    Defendant.
_____/

## ORDER

Hart filed a civil rights complaint but neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. As a consequence, this action is reviewed as if Hart moves for leave to proceed *in forma pauperis*. Hart is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on*

*other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Hart has had many cases dismissed under the "three strikes" bar set out in Section 1915(g). See *Hart v. Auburndale Police Dep't*, 8:23-cv-805-SDM-MRM and the cases collected in *Hart v. Judd*, 8:21-cv-1729-CEH-AEP.

In the present action Hart sues Brian Haas, the State Attorney for the Tenth Judicial Circuit, and alleges that he "is in unlawful detention because of the malicious gross negligence by" the defendant. (Doc. 1 at 1) Hart recognizes that he can proceed with this action only if he can show that he is under imminent danger. (Doc. 1 at 2–3) The "under imminent danger" exception to preclusion under Section 1915(g) is limited to present danger. *See Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court.") (internal quotation omitted), *cert. denied*, 212 L. Ed. 2d 783, 142 S. Ct. 2716 (2022); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to § 1915(g)."). Hart asserts no fact showing that he is under imminent danger.

Because he has had three or more dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Hart is not entitled to proceed *in forma pauperis* in this action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). This preclusion against proceeding *in forma pauperis* is without

regard to the merits of the present civil rights complaint.  Hart may initiate a new civil rights action by both filing a civil rights complaint and paying the $405.00 filing fee.

The complaint (Doc. 1) is **DISMISSED** under the "three-strikes" provision in 28 U.S.C. § 1915(g).  The dismissal is without prejudice to the filing of a new action, a new case number, and the payment of the $405.00 filing fee.  The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on January 22, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE